Opinion issued May 19,
2011



In The

Court of Appeals

For The

First District of Texas

————————————

NO. 01-10-00834-CV

————————————

BRYAN ZACHARY, Appellant

V.

SIS-TECH APPLICATIONS, LLP, SIS-TECH
SOLUTIONS, LP,
SIS-TECH APPS, LLC, AND SIS-TECH SOLUTIONS, GP, INC.,
Appellees

 



 



 

On Appeal from 281st District Court

Harris
County, Texas



Trial Court Cause No. 2010-55825

 



 

MEMORANDUM
OPINION

          Bryan
Zachary brings this interlocutory appeal from an order denying his application for an order to stay arbitration
proceedings and to preclude appellees,
SIS-Tech Applications, LLP, SIS-Tech Solutions, LP, SIS-Tech Apps LLC, and
SIS-Tech Solutions, GP, Inc. (collectively “SIS-Tech”), from further
prosecuting its demand for arbitration.
 Zachary contends on appeal that the
trial court abused its discretion by denying his request because no agreement
to arbitrate exists.  We conclude
that we lack jurisdiction to review this interlocutory order and therefore dismiss the appeal.

Background

          Zachary and Angela Summers founded
SIS-Tech during the 1990s.  In 2004, they
restructured it into two divisions: 
SIS-Tech Solutions, focusing on engineering safety-process systems, and
SIS-Tech Applications, focusing on commercialization.  Pursuant to a set of partnership and
shareholder agreements executed on March 4, 2004, Zachary obtained ownership of
39.9% of SIS-Tech Solutions and 50% of SIS-Tech Applications, with Summers
owning the remainder.

          In addition to being a part owner, Zachary
was also a SIS-Tech employee.  The ownership
agreements contemplate that “[i]n no event shall a person or entity who is not
an employee or Manager of [SIS-Tech], own any . . . Interest in
[SIS-Tech] . . . .”  To that
end, the ownership agreements provide:

If the employment of a[n] [owner] with [SIS-Tech] is
terminated for cause . . . such [owner] shall be deemed to have given
notice to [SIS-Tech] and the other [owners], as of the date of such termination
of employment, offering to sell all of his or her [ownership] Interest upon the
terms and conditions provided in this Article 2 for a price determined in
accordance with the provisions of Article 6 hereof, minus any sums or damages
which are due, payable or owed to [SIS-Tech] by the [owner] or which arise as a
result of such [owner]’s actions relating to such termination.

 

Article
6 provides that if the owners cannot agree upon the value of the ownership
interest, then an appraisal procedure will determine the “fair market value” of
the ownership interest.  Under that
procedure, the seller and the purchaser each must appoint an appraiser
qualified to evaluate minority interests in closely held corporations.  If either party fails to appoint an
appraiser, “the appraiser appointed by the other shall determine the fair
market value . . . .”  The agreements
each state that “[a]ll claims and disputes relating to or arising under this
Agreement shall be subject to arbitration in accordance with the rules of the
American Arbitration Association.”

          SIS-Tech terminated Zachary’s
employment, citing job-performance deficiencies, “sleeping on the job,”
absenteeism, and complaints regarding his “erratic and unprofessional
behavior.”  About three weeks later,
Zachary and SIS-Tech entered into a severance agreement and release.  SIS-Tech agreed to pay Zachary’s COBRA
premiums for three months and to pay Zachary $30,000 minus lawful withholdings
and applicable wage garnishments.  In
exchange, Zachary agreed to release SIS-Tech from any claims that he may have
against it concerning his employment or termination.  The severance agreement further states in
paragraph 9:

Notwithstanding the foregoing, Zachary’s ownership interest
in any SIS-Tech Entity shall not be impaired and he shall remain entitled to
all benefits associated therewith under the laws of the State of Texas.

 

In
contrast to the arbitration provision in the ownership agreements, paragraph 10
provides:

Any dispute or conflict arising out of or relating to this
Agreement must be brought in a state or federal court that has jurisdiction
over matter in Harris County, Texas.

 

The severance
agreement also contains an integration clause, stating:

This Agreement constitutes the entire agreement of the
parties with regard to the subject matter hereof, and contains all the covenants,
promises, representations, warranties and agreements between the parties with
respect to Zachary’s employment by [SIS-Tech] and termination of employment
with [SIS-Tech].

 

          Nine months later, SIS-Tech demanded
arbitration against Zachary with the American Arbitration Association.  Two days later, Zachary filed suit.  In his amended petition, Zachary sought an
order staying arbitration under section 171.023 of the Texas Civil Practice and
Remedies Code on the ground that no agreement to arbitrate exists because the severance
agreement supersedes the ownership agreements’ arbitration provisions.  Zachary moved that the trial court enjoin
SIS-Tech from pursuing further arbitration proceedings.

          At the hearing on Zachary’s request, his
counsel explained, “The relief [sought] is synonymous on both fronts, Your
Honor, whether you look at it under a temporary injunction purview or under the
Chapter 171 standard; and that is, simply to enjoin them from prosecuting the
arbitration[.]”  The trial court orally announced
its factual finding that Zachary had failed to show that the severance agreement
supersedes the ownership agreements.  It
then entered an interlocutory order denying Zachary’s request for injunctive
relief. 

Analysis

          As a threshold matter, we determine
whether we have jurisdiction over this interlocutory appeal.  Kilroy
v. Kilroy, 137 S.W.3d 780, 783 (Tex. App.—Houston [1st Dist.] 2004, no
pet.).  If we conclude that we do not
have jurisdiction, we must dismiss the appeal. 
Id.  An appellate court has jurisdiction over an
interlocutory order only if permitted by statute.  Ogletree
v. Matthews, 262 S.W.3d 316, 319 n.1 (Tex. 2007); see Tex. Civ. Prac. &
Rem. Code Ann. § 51.014 (West 2008).  A statute authorizing an appeal from an
interlocutory order is in derogation of the general rule that only final
judgments are appealable; thus, we strictly construe such a statute.  Walker
Sand, Inc. v. Baytown Asphalt Materials, Ltd., 95 S.W.3d 511, 514 (Tex. App.—Houston
[1st Dist.] 2002, no pet.).

          The Texas General Arbitration Act
(“TAA”), specifically authorizes appeals from only certain types of
interlocutory orders relating to arbitration proceedings.  See Tex. Civ. Prac. & Rem. Code Ann. § 171.098
(West 2005); W. Dow Hamm III Corp. v.
Millennium Income Fund, L.L.C., 237 S.W.3d 745, 751 (Tex. App.—Houston [1st
Dist.] 2007, no pet.).  Section
171.098(a) states:

A party
may appeal a judgment or decree entered under this chapter or an order:

(1)   denying an
application to compel arbitration made under Section 171.021;

(2)   granting an
application to stay arbitration made under Section 171.023;

(3)   confirming or
denying confirmation of an award;

(4)   modifying or
correcting an award; or

(5)   vacating an award
without directing a rehearing.

Tex. Civ. Prac. & Rem. Code Ann § 171.098(a).  Under section 171.023(a), “[a] court may stay
an arbitration commenced or threatened on application and a showing that there
is not an agreement to arbitrate.”  Id. § 171.023(a) (West 2005).  The plain language of section 171.098(a)(2)
authorizes an interlocutory appeal from an order granting an application to
stay but not from an order denying an application to stay.  See id.
§ 171.089(a)(2).  This case presents
the latter order.  Thus, we lack
jurisdiction to review the order under section 171.098(a).  See id.
§ 171.098(a); Walker Sand, 95
S.W.3d at 514–15.

          Zachary responds that the trial
court’s denial of his application is reviewable on appeal because he requested
injunctive relief in the form of a stay of all arbitration proceedings.  “[A] person may appeal from an interlocutory
order . . . that . . . refuses a temporary injunction
. . . .”  Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(4).  

          This Court has held that “when the injunctive
relief sought is nothing more than a request to prohibit arbitration, no
interlocutory appeal lies.”  Neutral Posture, Inc. v. Bodybilt, Inc.,
No. 01-02-00448-CV, 2002 WL 31320052, at *1 (Tex. App.—Houston [1st Dist.] Oct.
17, 2002, no pet.) (not designated for publication); see also Elm Creek Villas Homeowner Ass’n, Inc v. Beldon Roofing &
Remodeling Co., 940 S.W.2d 150, 154 (Tex. App.—San Antonio 1996, no writ).  “[O]ne should not be able to disguise a
non-appealable, interlocutory order as a denial of an injunction simply to
obtain an appeal that would otherwise be improper.”  Neutral
Posture, 2002 WL 31320052, at *1; see
also Elm Creek Villas, 940 S.W.2d at 154–55.

          Zachary’s application for an order
staying arbitration and a temporary injunction enjoining SIS-Tech from further prosecuting its
demand for arbitration sought the same relief—a halt to the underlying
arbitration proceeding.  See Neutral
Posture, 2002 WL 31320052, at *2. 
Zachary is attempting to appeal an otherwise unappealable order by re-characterizing
it as a request for injunctive relief.  See id. 
We hold that a trial court’s order refusing a temporary injunction
enjoining further prosecution of a demand for arbitration may not be challenged
by interlocutory appeal because an order denying an application to stay
arbitration is an interlocutory order with no legislatively authorized avenue
for appeal before a final judgment.  See Tex.
Civ. Prac. & Rem. Code Ann. § 171.098(a); Neutral Posture, 2002 WL 31320052, at *1.  We hold that we lack jurisdiction over this
appeal.  See id. at *2.

Conclusion

 

We dismiss the appeal for lack of
jurisdiction.

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Bland and Wilson.[1]











[1]           The
Honorable Randy Wilson, Judge of the 157th District Court of Harris County, participating
by assignment.